LEVANTIA S. CARPENTER, RESPONDENT, *v.* ZARAH H. BLAKE, APPELLANT.

*Malpractice — what skill required of a surgeon — Testimony of witness as to general reputation — what questions may be put to.*

One who offers himself for employment in a professional capacity undertakes,

(1) That he possesses that reasonable degree of learning and skill which is ordinarily possessed by the professors of the same art or science, and which is ordinarily regarded by the community, and by those conversant with the employment, as necessary to qualify him to engage in such business;

(2) That he will use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge, to accomplish the purpose for which he is employed;

(3) That he will use his best judgment in the exertion of his skill and the application of his diligence.

Although, usually when general reputation is relied upon, it is not competent to give in evidence specific acts, either to sustain or to overthrow such general reputation, yet when testimony as to general reputation is given by a witness, he may be asked upon his cross-examination, with a view to lessen the effect of his testimony as to general reputation, or to show a bias in favor of the party who has called him, but not for the purpose of establishing the fact to be proved, whether he has not heard reports which tend to contradict the purport and effect of his testimony.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

*H. R. Selden,* for the appellant.

*S. Hubbard,* for the respondent.

TALCOTT, J.:

Appeal from judgment rendered on a verdict at Livingston Circuit, and from an order of the Special Term denying a motion for a new trial on case and exceptions.

The action is against a physician and surgeon for negligence in the treatment of a dislocation of the elbow of the plaintiff. The case has been several times tried, and has been once to the Court of Appeals. On that occasion, the majority of that court laid down the rule as applicable to actions for negligence in a professional employment, that one who offers himself for employment in a professional capacity undertakes, first, that he possesses that reasonable degree of learning and skill which is ordinarily possessed by the professors of the same art or science, and which is ordinarily regarded by the community, and by those conversant with the employment, as necessary to qualify him to engage in such business; second, that he will use reasonable and ordinary care and diligence in the exercise of his skill, and the application of his knowledge to accomplish the purpose for which he is employed; third, to use his best judgment in the exertion of his skill and the application of his diligence, and the court reversed a former judgment in this case, for the reason that the General Term had held that, although it was proved that the defendant had the reputation of being sufficiently skilled, the fact was immaterial in the case. (50 N. Y., 696, and see opinion, Judge ALLEN, MS.)

The case, in the Court of Appeals, appears to have been decided principally upon the authority and reasoning of the opinion in *Leighton* v. *Sargent* (7 Foster [N. H.], 460).

On the last trial of this action, the defendant, besides giving in evidence the opinions of numerous other surgeons as to the propriety of his practice in this case, as described by him and others, also gave in evidence the opinions of other members of his profession who were acquainted with him and his reputation in his profession, that he was reputed to be a skillful physician and surgeon. On the cross-examination of one of these witnesses (Dr. Joshua B. Purchase), it was allowed, against the objection and exception of the defendant, to be proved that the witness had heard from some third party, that on a former occasion and in an operation in which the witness had also heard that the defendant assisted as a surgeon

in a case of a fracture of the leg, that the limb was "set" at a place where it was not broken.

The general rule is, that where general reputation is relied upon, it is not competent to give in evidence specific acts, either to sustain or to overthrow such general reputation. (*Bakeman* v. *Rose*, 14 Wend., 110, 111; *Corning* v. *Corning*, 6 N. Y., 104; 2 Phil. Ev. [C. & H.], 291; 1 C. & H. Notes, 764, 766.) The defendant cannot be supposed to be prepared to prove the facts in regard to all cases which had theretofore occurred in his practice, and the inevitable effect of allowing such evidence, would be to introduce before the jury a multitude of collateral issues, and thus tend to obscure and distract attention from the real issue in the case on trial. But when testimony as to general reputation is given by a witness, it seems to be agreed that on his cross-examination, and with a view to lessen the effect of his testimony as to general repute, or to show a bias in favor of the party who has called him, but not for the purpose of establishing the fact to be proved, the witness may be asked whether he has not heard reports which tend to contradict the purport and effect of his testimony. (*Leonard* v. *Allen*, 11 Cush., 241; *Rex* v. *Martin*, 6 C. & P., 562.) It is quite clear that the reports referred to in this case, being improbable in themselves and doubtless arising from irresponsible neighborhood gossip, may have justly produced no effect on the mind of the witness, himself a professional man; but since the reputation which it is permissible to prove is a reputation not only among the associates in the profession of the party whose reputation is the subject of examination, but his reputation in the community for skill in his profession, we do not see why the question was not admissible on cross-examination, and the effect of the answer to be judged of by the jury. The charge delivered by the court was, on the whole, we think, quite careful and quite as favorable to the defendant as he had a right to ask. But, after the conclusion of the charge, various legal propositions were stated to the judge by each party, in the form of requests to charge, only one of which calls for any remark, namely, the request to charge that if the plaintiff, or the surgeon who attended her after the defendant had ceased to have charge of the case, was guilty of any negligence in the management of the arm, which in any degree contributed to pro-

duce its crippled condition, that the defendant was not responsible therefor. To this request, the judge declined to charge, except as he had already charged. On a careful examination of the charge, as stated in the case, we do not discover that he had given to the jury any precise instructions upon the legal effect of concurring negligence. There was some evidence that soon after the defendant had ceased to have charge of the case, it was obvious, even to an unprofessional observer, that the bones of the elbow were then out of place, and whether resulting from an original omission on the part of the defendant to place the bones in proper position, or from subsequent and accidental luxation, was one of the questions of fact disputed on the trial. If the luxation had been properly reduced by the defendant, and the bones subsequently got out of place, it was doubtless incumbent upon the plaintiff, or her attending surgeon, to have taken such measures as were reasonably within their power, seasonably to have remedied the difficulty; but the charge, as delivered, contained the instruction : "If you find that the doctor (the defendant) was dismissed with her assent, she has no right to hold him responsible for any subsequent results to that arm." We do not see that there was any reasonable doubt but that the defendant relinquished the further charge of the case, with the entire knowledge and concurrence of the plaintiff, and that being so, the instruction quoted was as favorable to the defendant as the one prayed for. It was an instruction that the defendant was not liable for any subsequent consequences, whether resulting from negligence or otherwise, and in effect, rendered the request unnecessary.

The very elaborate opinion, delivered by the presiding justice when the case was here before,* and which was not overruled by the majority of the Court of Appeals except upon the single point of the charge, that the question whether the defendant had the requisite skill in his profession was immaterial, renders a more lengthy discussion of the principles applicable to the case unnecessary.

Judgment and order denying a new trial affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.

* 60 Barb., 488. — [REP.